Exhibit A

FILED
7/11/2022 9:58 AM
Rockdale County State Court
e-Filed Record

## IN THE STATE COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **SYDNIE RICHARD, and BARBARA RICHARD, individually and as parent on behalf of BELLA FLORE AUGUSTIN, a minor child,** | **CIVIL ACTION FILE NO.:** 2022-SV-1678 _____ |
| **Plaintiffs,** | |
| **v.** | |
| **NATIONAL INDEMNITY COMPANY OF THE SOUTH, MWW TRANSPORT, INC., WILIAN DUQUE, JOHN DOE, JANE DOE, and XYZ CORPORATION, their officers, agents and assigns,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

COMES NOW SYNDIE RICHARD, and BARBARA RICHARD, individually and as parent, on behalf of BELLA FLORE AUGUSTIN, a minor child, (hereafter collectively referred to as "Plaintiffs"), Plaintiffs in the above-styled action, and hereby file this Complaint and in support thereof, shows this Court as follows:

## PARTIES AND JURISDICTION

1.

Defendant National Indemnity Company of the South (hereinafter referred to as "National Indemnity") is subject to suit by direct action pursuant to O.C.G.A. § 40-2-140(d)(4). Defendant National Indemnity is subject to the jurisdiction and venue of this Court as a party Defendant pursuant to O.C.G.A. § 40-2-140(d)(4). Service by second original may be made upon Defendant National Indemnity's registered agent for service to wit: Andrea Conarro, 439 South Park Street, Unit A, Dahlonega, GA, 30533, USA. Jurisdiction and venue are proper.

2.

Defendant MWW Transport, Inc. (hereinafter referred to as "MWW Transport") is a motor common carrier, licensed to transact business in the State of Florida and operating under US DOT number 2953747.  Defendant MWW Transport does not have a registered agent for service of process in Georgia. Defendant MWW Transport is subject to the jurisdiction and venue of this Court as a party Defendant pursuant to O.C.G.A. § 40-1-117, as well as the Georgia Nonresident Motorist Act ("NRMA"), OCGA §§ 40-12-1 and 40-12-2 for the use of our state's highways by a nonresident and for jurisdiction under the Long Arm Statute for doing business in Rockdale and Fulton County Georgia, and the commission of a tortious act within the state OCGA § 9-10-91. Service may be made upon Defendant MWW Transport's registered agent for service by Second Original, to wit: Wilian Duque, 10339 Tillery Road, Apartment B, Spring Hill, Florida 34608. Jurisdiction and venue are proper.

3.

Defendant Wilian Duque (hereinafter referred to as "Duque") is a citizen of the State of Florida.  He may be served pursuant to O.C.G.A. 9-11-4 by second original process at his place of residence at 25010 SW 122nd Place, Homestead, FL. 33165.  Defendant Duque is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91**.**

4.

The true names and identities of Defendants First John Doe and Second John Doe, inclusive, are unknown. At all material times described herein, upon information and belief, the Defendants First and Second John Doe are additional owners, operators, or unknown parties doing business in Rockdale and Fulton County Georgia.

5.

Plaintiffs reside in Rockdale County, Georgia.

6.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

7.

On October 7, 2017 at approximately 10:15 p.m., Defendant Duque was operating a 1999 Peterbilt TR tractor trailer traveling northbound on I-75 in Lowndes County, Georgia near its intersection with US 84.

8.

At the same date and time, Plaintiffs were passengers in a 1999 Nissan Altima traveling northbound on I-75 in Lowndes County, Georgia near its intersection with US 84.

9.

Defendant Duque was operating the vehicle on behalf of Defendant MWW Transport.

10.

Suddenly and without warning, the vehicle being operated by Defendant Duque struck the right rear side of the vehicle driven by Plaintiffs causing their vehicle to swerve into a guardrail on the side of the interstate.

11.

As a result of the collision, plaintiffs suffered serious, painful and debilitating injuries to their bodies that had a significant impact on their life and ability to function normally.

## COUNT I - NEGLIGENCE

12

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully set forth verbatim.

13.

Defendant Duque was negligent in the operation of his vehicle by failing to maintain his lane of travel.

14.

Defendant Duque was negligent in the operation of his vehicle by failing to maintain a proper lookout.

15.

Defendant Duque was negligent in the operation of his vehicle by failing to exercise ordinary care and due diligence in operating the vehicle.

16.

Defendant Duque was negligent in the operation of his vehicle by striking the rear-right side of Plaintiffs' vehicle.

17.

Defendant Duque's negligence was the sole and proximate cause of the collision and of Plaintiffs' resulting injuries.

**COUNT II – IMPUTED LIABILITY**

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully set forth verbatim.

19.

At the time of the subject collision, Defendant Duque was under dispatch for Defendant MWW Transport.

20.

At the time of the subject collision, Defendant Duque was operating his vehicle on behalf of Defendant MWW Transport.

21.

The negligent acts of Defendant Duque in the subject collision are imputable to Defendant MWW Transport as Defendant Duque was the agent, servant or employee of Defendant MWW Transport at the time of the incident complained of and was acting within the course and scope of his agency, service or employment with said Defendant.

22.

Defendants Duque and MWW Transport. are liable, jointly and severally, to Plaintiffs for the damages that Plaintiffs sustained as a result of the subject collision.

23.

The negligent acts of Defendant Duque, for which MWW Transport is vicariously liable, was the proximate cause of the collision at issue in this suit.

**Negligent Hire, Retention, Training and Entrustment of MWW TRANSPORTS**

23a.   Plaintiffs adopt and re-allege all allegations contained in paragraphs 1-23.

23b.   That Defendants DUQUE was, at all times material, unfit, unsuitable and unqualified to operate Defendant **MWW TRANSPORTS'** vehicle upon the highways.

23c.   Defendant **DUQUE'** unfitness was known and /or reasonably should have been known to the Defendant **MWW TRANSPORTS**, had said Defendant made a

reasonable investigation.

23d.   Defendant **MWW TRANSPORTS** owed the Plaintiffs, as well as the general

public, a legal duty to hire, retain, train and select drivers used to make deliveries

in a reasonable manner.

23e.   Because operating vehicles on public highways is a dangerous undertaking

requiring appropriate fitness, legally, physically  and medically, Defendant

**MWW TRANSPORTS** had a duty to **Plaintiffs** and the general public to

appropriately investigate it's designated driver, Defendant **DUQUE**, before

entrusting him with the subject vehicle.  Additionally, said Defendant had a duty

to adequately supervise nor train Defendant **DUQUE** appropriately.

23f.   Defendant **DUQUE'** hire and retention as a driver by Defendant **MWW**

**TRANSPORTS** was unreasonable, careless and negligent in light of the

information Defendant **MWW TRANSPORTS** actually knew or should have

known regarding his suitability to operate said vehicle.

23g.   Defendants John Doe One and Two were negligent in failing to adequately train

or supervise Defendant **DUQUE**.  Defendant Defendants John Doe One and Two

was further negligent in entrusting its vehicle to Defendant **DUQUE** when it

knew or should have known that Defendant **DUQUE** was unfit or otherwise

unsuitable to operate its vehicle as improperly proceeding in an unsafe manner

while the roads were wet.

24.

The negligence of the Defendants was the direct and proximate cause of the subject collision and of Plaintiffs' resulting injuries.

## COUNT III – DIRECT ACTION

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully set forth verbatim.

26.

Defendant National Indemnity is subject to direct action as the insurer for Defendant MWW Transport pursuant to O.C.G.A. 40-2-140.

27.

Defendant National Indemnity was the insurer of Defendant MWW Transport at the time of the subject incident and issued a liability policy to comply with the requirements for interstate transportation.

28.

Defendant National Indemnity and Defendant MWW Transport are subject to the filing requirements outlined in to O.C.G.A. 40-2-140.

29.

Defendant National Indemnity is responsible for any judgment rendered against Defendant MWW Transport and/or Defendant Duque up to the maximum liability limits in the applicable policy.

## COUNT IV – UNINSURED MOTORIST COVERAGE

30.

Plaintiffs realleges and incorporated herein the allegations contained in paragraphs 1- 29 above as if they were restated verbatim.

31.

At the time of the collision, Plaintiffs were insured under an automobile insurance policy in full force and effect at the time of the collision complained of in Plaintiffs' Complaint, issued by NATIONWIDE Insurance Company. Said policy of insurance contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained by Plaintiffs in collisions which were caused by the negligent operation by third persons, when that vehicle was uninsured or underinsured at the time of the collision.

32.

NATIONWIDE Insurance Company (hereinafter "NATIONWIDE") is a Foreign Insurance Company authorized to conduct business and actually conduction business in the State of Georgia. NATIONWIDE may be served with a copy of the summons and complaint by service upon its Registered Agent, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

**DAMAGES**

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully set forth verbatim.

34.

- 8 -

As a result of Defendant Duque's and Defendant MWW Transport's negligence, Plaintiffs suffered serious, permanent and painful injuries to their back, legs, and head.

34.

As a result of Defendant Duque's and Defendant MWW Transport's negligence, Plaintiffs have incurred past medical expenses in excess of $141,776.80 and may continue to incur future medical expenses.

36.

As a result of Defendant Duque's and Defendant MWW Transport's negligence, Plaintiffs have incurred lost wages in an amount to be proved at trial.

## PUNITIVE DAMAGES

37.

Plaintiffs realleges and incorporates Paragraphs 1-36 as if fully set forth herein.

38.

Defendants' actions, as described above, showed willful misconduct, malice, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1 and Plaintiffs are entitled to punitive damages.

## BAD FAITH AND ATTORNEY FEES

39.

Plaintiff realleges and incorporates Paragraphs 1-38 as if fully set forth herein.

40.

By their acts and omissions specified above, as well as other conduct, Defendants have

Acted in bad faith, have been stubbornly litigious, and/or have caused the Plaintiff unnecessary trouble and expense so as to authorize and warrant the recovery of attorney's fees and expenses of litigation.

**WHEREFORE**, Plaintiffs pray that they have a **TRIAL BY JURY** on all issues and judgment against Defendants as follows:

(a) That Plaintiffs recover the full value of their past and future medical expenses and past and future wage loss in an amount to be proven at trial;

(b) That Plaintiffs recover for physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c) That Plaintiffs recover for the cost of this litigation; and

(d) That Plaintiffs recover such other and further relief as is just and proper.

Respectfully submitted this 7th day of July, 2022.

**RANDAL A. MANGHAM, LLC**

_____

Randal A. Mangham
Georgia Bar No. 468767
*Attorney for Plaintiffs*

191 Peachtree Street NE
Suite 3975
Post Office Box 1558
Atlanta, Georgia 30301-1558
(404)-525-0100 telephone
(404)-745-0857 facsimile
RM@ramlawgroup.org

## IN THE STATE COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

**SYDNIE RICHARD, and BARBARA RICHARD, individually and as parent on behalf of BELLA FLORE AUGUSTIN, a minor child,**

             **Plaintiffs,**

**v.**

**NATIONAL INDEMNITY COMPANY OF THE SOUTH, MWW TRANSPORT, INC., WILIAN DUQUE, JOHN DOE, JANE DOE, and XYZ CORPORATION, their officers, agents and assigns,**

             **Defendants.**

**CIVIL ACTION FILE NO.: _____**

**JURY TRIAL DEMANDED**

## VERIFICATION

In person before me, the undersigned officer duly authorized by law to administer oaths, appeared Barbara Richard individually and as parent of Bella Flore Augustin, a minor child, who first being duly sworn according to law, on oath deposes and states that the facts set forth in the foregoing document are true and correct.

This _7th___ day of ____July_____, 2022.

_____
Barbara Richard

Sworn to and subscribed
Before me this ___ day of _____, 2022.

_____
NOTARY PUBLIC

- 11 -

## IN THE STATE COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SYDNIE RICHARD, and BARBARA RICHARD individually and as parent on behalf of BELLA FLORE AUGUSTIN, a minor child,**<br><br>       **Plaintiffs,**<br><br>**v.**<br><br>**NATIONAL INDEMNITY COMPANY OF THE SOUTH,  MWW TRANSPORT, INC., WILIAN DUQUE, JOHN DOE, JANE DOE, and XYZ CORPORATION, their officers, agents and assigns,**<br><br>       **Defendants.** | **CIVIL ACTION FILE NO.:** _____<br><br><br><br>**JURY TRIAL DEMANDED** |

### VERIFICATION

In person before me, the undersigned officer duly authorized by law to administer oaths, appeared Sydnie Richard who first being duly sworn according to law, on oath deposes and states that the facts set forth in the foregoing document are true and correct.

This __7th__ day of ____July_____, 2022.


_____
Syndie Richard

Sworn to and subscribed
Before me this _____ day of _____, 2022.

_____
NOTARY PUBLIC

**IN THE STATE COURT OF ROCKDALE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **SYDNIE RICHARD, and BARBARA RICHARD individually and as parent on behalf of BELLA FLORE AUGUSTIN, a minor child,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.: _____** |
| **v.** | |
| **NATIONAL INDEMNITY COMPANY OF THE SOUTH, MWW TRANSPORT, INC., WILIAN DUQUE, JOHN DOE, JANE DOE, and XYZ CORPORATION, their officers, agents and assigns,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW the undersigned and hereby affirm that I have on this day caused the personal service of the Defendants with the within and foregoing **Plaintiffs' Complaint for Damages and Demand for Jury Trial, along with Plaintiffs First Interrogatories, Request for Production and Request for Admissions** upon and Defendants as provided by law.

This 7th day of July, 2022.

RESPECTFULLY SUBMITTED,

_____
RANDAL A. MANGHAM
 Attorney for Plaintiff
 State Bar No. 468767

P.O. Box 1558
Atlanta, Georgia 30303
(404) 525-0100 – Office
(404) 745-0857 – Facsimile

FILED
10/7/2019 10:38 AM
Rockdale County Superior Court
e-Filed Record

**IN THE SUPERIOR COURT OF ROCKDALE COUNTY**

**STATE OF GEORGIA**

Barbara Richard individually and as

parent, on behalf of the minor children

Sydnie Richard, and Bella Richard

**PLAINTIFF**

CIVIL ACTION 2019-CV-2313
NUMBER

**VS.**

 MWW Transport, Inc., National Indemnity

Company, Wilian Duque, John Doe, XYZ

Corporation, Georgia Department of Transportation, et al

**DEFENDANT**

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Randal A. Mangham
P.O. Box 1558
Atlanta, Georgia 30301-1558

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___7th___ day of ___October___, __2019__

(Your Name)
Clerk of Superior Court

By___Adrienne Brown___

**Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used

SC-1 Rev.85

*plds*

## IN THE SUPERIOR COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

**BARBARA RICHARD individually and as
parent, on behalf of the minor children SYDNIE
RICHARD and BELLA RICHARD,**

       **Plaintiffs,**

**v.**

**MWW TRANSPORT, INC., NATIONAL
INDEMNITY INSURANCE, WILIAN DUQUE,
JOHN DOE, JANE DOE, XYZ
CORPORATION, the GEORGIA
DEPARTMENT OF TRANSPORTATION,**
their officers, agents and assigns,

       **Defendants.**

**CIVIL ACTION FILE
NO.:  2019-CV-2313**

---

### SUMMONS

To Defendant:    ATTN: Brad Raffensperger, Secretary of State
             State of Georgia
             Corporations Division of the Secretary of State's Office
             2 Martin Luther King Jr. Dr.,
             Suite 313 West Tower
             Atlanta, GA 30334-1530
             **c/o Defendant MWW Transport, Inc. c/o Wilian Duque, officers, agents and
assigns (*Pursuant to OCGA § 40-12-1 et al*)**

To are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs'
attorney, whose name and address is:

Randal A. Mangham, Esq.
RANDAL ALONZO MANGHAM, LLC.
P.O. Box 1558
Atlanta, GA 30301-1558

an answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

      This _____ day of _____ 20_____.

                              _____
                              Clerk of Superior Court

                              BY:  _____
                                    Deputy Clerk

1

**IN THE SUPERIOR COURT OF ROCKDALE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BARBARA RICHARD individually and as parent, on behalf of the minor children SYDNIE RICHARD and BELLA RICHARD,**<br><br>          **Plaintiffs,**<br><br>**v.**<br><br>**MWW TRANSPORT, INC., NATIONAL INDEMNITY INSURANCE, WILIAN DUQUE, JOHN DOE, JANE DOE, XYZ CORPORATION, the GEORGIA DEPARTMENT OF TRANSPORTATION, their officers, agents and assigns,**<br><br>          **Defendants.** | **CIVIL ACTION FILE NO.: <u>2019-CV-2313</u>** |

**SUMMONS**

To Defendant:          ATTN: Brad Raffensperger, Secretary of State
                              State of Georgia
                              214 State Capitol
                              Atlanta, Georgia 30334
                              **c/o Defendant MWW Transport, Inc. c/o Wilian Duque, officers, agents and assigns (*Pursuant to OCGA § 40-12-1 et al*)**

To are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

Randal A. Mangham, Esq.
RANDAL ALONZO MANGHAM, LLC.
P.O. Box 1558
Atlanta, GA 30301-1558

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

          This _____ day of _____ 20_____.


_____
Clerk of Superior Court


BY:  _____
       Deputy Clerk

1

## IN THE SUPERIOR COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

**BARBARA RICHARD individually and as parent, on behalf of the minor children SYDNIE RICHARD and BELLA RICHARD,**

**Plaintiffs,**

**v.**

**MWW TRANSPORT, INC., NATIONAL INDEMNITY INSURANCE, WILIAN DUQUE, JOHN DOE, JANE DOE, XYZ CORPORATION, the GEORGIA DEPARTMENT OF TRANSPORTATION, their officers, agents and assigns,**

**Defendants.**

**CIVIL ACTION FILE NO.:  2019-CV-2313**

### SUMMONS

To Defendant:  ATTN: Brad Raffensperger, Secretary of State
State of Georgia
Corporations Division of the Secretary of State's Office
2 Martin Luther King Jr. Dr.,
Suite 313 West Tower
Atlanta, GA 30334-1530
**c/o Defendant Wilian Duque, officers, agents and assigns (*Pursuant to OCGA § 40-12-1 et al*)**

To are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

Randal A. Mangham, Esq.
RANDAL ALONZO MANGHAM, LLC.
P.O. Box 1558
Atlanta, GA 30301-1558

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 20_____.

_____
Clerk of Superior Court

BY: _____
Deputy Clerk

1

### IN THE SUPERIOR COURT OF ROCKDALE COUNTY
### STATE OF GEORGIA

**BARBARA RICHARD individually and as parent, on behalf of the minor children SYDNIE RICHARD and BELLA RICHARD,**

|  |  |
|---|---|
| **Plaintiffs,** | **CIVIL ACTION FILE** |
| **v.** | **NO.: 2019-CV-2313** |

**MWW TRANSPORT, INC., NATIONAL INDEMNITY INSURANCE, WILIAN DUQUE, JOHN DOE, JANE DOE, XYZ CORPORATION, the GEORGIA DEPARTMENT OF TRANSPORTATION, their officers, agents and assigns,**

**Defendants.**

## SUMMONS

To Defendant:        ATTN: Brad Raffensperger, Secretary of State
State of Georgia
214 State Capitol
Atlanta, Georgia 30334
**c/o Defendant Wilian Duque, officers, agents and assigns (*Pursuant to OCGA § 40-12-1 et al*)**

To are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

Randal A. Mangham, Esq.
RANDAL ALONZO MANGHAM, LLC.
P.O. Box 1558
Atlanta, GA 30301-1558

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 20_____.

_____
Clerk of Superior Court

BY: _____
Deputy Clerk

1